JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ANTHONY CHATMAN,<br><br>              Petitioner,<br><br>    v.<br><br>NEIL McDOWELL, Warden,<br><br>              Respondent. | Case No. ED CV 22-559 GW (MRW)<br><br>**ORDER DISMISSING HABEAS ACTION WITHOUT PREJUDICE** |

The Court dismisses this habeas action without prejudice for failure to exhaust claims in state court proceedings. 28 U.S.C. § 2254(b)(1)(A).

\* \* \*

1. This is a habeas corpus action involving a state prisoner. In 2019, a state court jury convicted Petitioner of burglary of an occupied residence. The trial court sentenced Petitioner to thirteen years in prison. (Docket # 7-8 at 2-4.)

2. In November 2020, the state appellate court affirmed Petitioner's conviction on direct appeal. (Docket # 7-8.) Petitioner did not

1 file a timely petition for review with the state supreme court within
2 40 days of that decision. Cal. R. Ct. 8.333, 8.500.

3     3.     Instead, in June 2021 – several months after the state
4 appellate court ruling – Petitioner attempted to file a petition for review
5 with the state supreme court. The clerk of the supreme court rejected the
6 petition because the court "lost jurisdiction to act on any petition" due to
7 the untimely submission. (Docket # 1 at 3.)

8     4.     Petitioner commenced this federal action on January 19, 2022.
9 (Docket # 1, 2.) The federal petition raises a variety of claims that
10 Petitioner did not assert on direct appeal.[1] (Docket # 6-1 at 4.)

11     5.     The Attorney General moved to dismiss Petitioner's action as
12 untimely and unexhausted. (Docket # 6-1.) In his opposition, Petitioner
13 did not dispute either contention. Petitioner briefly asserted (without any
14 supporting evidence) that his appellate lawyer allegedly "refused to
15 represent" him in the state supreme court. He also referred in passing to
16 the ongoing coronavirus crisis. However, the bulk of his opposition papers
17 addressed the substance of his habeas claims, not the Attorney General's
18 dismissal motion. (Docket # 11 at 1.)

19     \* \* \*

20     6.     If it "appears from the application that the applicant or person
21 detained is not entitled" to habeas relief, a court may summarily dismiss a
22 habeas action. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing
23 Section 2254 Cases in United States District Courts (petition may be
24 summarily dismissed if petitioner plainly not entitled to relief); Local Civil
25 Rule 72-3.2 (magistrate judge may submit proposed order for summary

---

[1] Petitioner apparently raised these claims in a habeas action in the state superior court during the pendency of his direct appeal in mid-2020. The superior court described the petition as "24 rambling pages of difficult-to-read scribble" that "failed to state a prima facie claim for habeas relief." (Docket # 7-10 at 1-2.)

1  dismissal to district judge "if it plainly appears from the face of the petition
2  [ ] that the petitioner is not entitled to relief").

3      7.    Under AEDPA, a petitioner must exhaust all claims as a
4  prerequisite to a federal court's consideration of a habeas corpus petition.
5  28 U.S.C. § 2254(b)(1)(A); Kyzar v. Ryan, 780 F.3d 940, 946 (9th Cir. 2015).
6  Petitioner must fairly present those claims to the state's highest court.
7  Rose v. Lundy, 455 U.S. 509, 515 (1982). A claim has not been fairly
8  presented unless the prisoner describes in the state court proceedings both
9  the operative facts and federal legal theory on which his claim is based.
10 Duncan v. Henry, 513 U.S. 364, 370 (1995). Federal courts "must dismiss"
11 a habeas petition that contains unexhausted claims. Lundy, 455 U.S.
12 at 510.

                \* \* \*

14     8.    The Attorney General convincingly demonstrates that
15 Petitioner never presented his habeas claims to the state supreme court as
16 required under AEDPA. Petitioner's sole attempt at exhaustion occurred
17 when he submitted an untimely petition for review with the supreme court.
18 That court rejected the defective filing and did not consider his case.

19     9.    There is no basis to conclude that Petitioner ever presented his
20 federal claims to the state supreme court for consideration. As a result, the
21 claims are not properly exhausted under AEDPA. 28 U.S.C.
22 § 2254(b)(1)(A); Kyzar, 780 F.3d at 946; Duncan, 513 U.S. at 370.
23 Dismissal of the action without prejudice is required as a matter of law.[2]
24 Lundy, 455 U.S. at 510.

---

[2] The Attorney General also argues that Petitioner's federal action is untimely under AEDPA. (Docket # 6-1 at 2-3.) Because Petitioner's conviction became final in early January 2021 (when he failed to obtain review of the appellate court's decision), he was obliged to commence this federal action in early January 2022. He likely missed that deadline by a couple of weeks. However, because the Court does not have jurisdiction over Petitioner's

Therefore, the present action is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: March 29, 2023  _____
HON. GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

unexhausted claims, it is not appropriate to reach the timeliness question (which may result in a dismissal of Petitioner's claims with prejudice).

4